IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS ROSENDO SAHAGUN-MICHEL,

      Petitioner,

v.     No. 2:26-cv-00223-DHU-JFR

TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; JOEL GARCIA, in his official capacity as Field Office Director of the ICE El Paso Field Office of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; PAMELA JO BONDI, in her official capacity as Attorney General of the United States; and DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center,

      Respondents.

## ORDER GRANTING IN PART PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court on Petitioner's Emergency Motion for a Temporary Restraining Order. Doc. 7. For the reasons set forth below, Petitioner's Motion is **GRANTED IN PART**, prohibiting Petitioner's transfer outside of the State of New Mexico and ordering that Respondents provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

## I.
## PROCEDURAL BACKGROUND

On November 5, 2025, Petitioner was detained by Immigration Customs and Enforcement ("ICE") in El Paso, Texas, after ICE stopped his vehicle. Doc. 1 ¶ 1; Doc. 7 at 2.

1

ICE eventually transferred Petitioner to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 ¶¶ 6, 43; Doc. 7 at 2.

On February 1, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition"). Doc. 1. In the Habeas Petition, Petitioner alleges that he has been unlawfully detained without the opportunity for a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 45-49, 53-65.

Regarding the INA claim, Petitioner contends that he should be subject to ICE's general detention authority under 8 U.S.C. § 1226(a) because he is neither seeking admission nor an arriving alien. *Id.* ¶¶ 53-56. He further alleges that, because he is subject to § 1226(a), he is entitled to a bond hearing. *Id.* ¶¶ 45-49. Petitioner further claims that, under a July 2025 ICE policy and the September 2025 Board of Immigration Appeals' ("BIA") decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), he has been erroneously classified as an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶ 3. He further claims that *Matter of Hurtado* violates the plain language of the INA and almost thirty years of legal precedent. *Id.* ¶¶ 3-4.

Regarding the Due Process claim, Petitioner argues that his unlawful detention without the opportunity for a bond hearing violates his Due Process rights, warranting release or a bond hearing. *Id.* ¶¶ 57-65.

On February 13, 2026, Petitioner also filed a Motion for Temporary Restraining Order ("Motion for TRO"). Doc. 7. In his Motion, Petitioner requests that the Court prohibit his transfer outside of the State of New Mexico and either order his immediate release from immigration custody or a bond hearing at the earliest possible date. *Id.* at 2, 7.

On February 17, 2026, the Court ordered Respondents to submit a response to Petitioner's Motion for TRO, which was due by February 19, 2026, at 5:00 PM. Doc. 8. Respondents failed to submit a response.

## II.
## FACTUAL FINDINGS

Petitioner supported his Motion for TRO with the facts provided in his Habeas Petition and the Motion. Respondents failed to provide a response thereby also failing to provide any documentation and information to rebut or challenge Petitioner's facts. The Court, therefore, at this stage of the litigation, makes the following initial findings of fact concerning Petitioner's detention:

1. Petitioner Luis Rosendo Sahagun-Michel is a native and citizen of Mexico who entered the United States without inspection in or around 2000 and has remained in the United States since then. Doc. 1 ¶¶ 41-42; Doc. 7 at 2.

2. Since his arrival, Petitioner has accrued no criminal history. Doc. 7 at 2.

3. Since his arrival, Petitioner established a life in the United States. He married his now wife, who is a United States citizen, and had two children, who are also United States citizens. *Id.*

4. Approximately twenty-five years after his arrival, on November 5, 2025, Petitioner was detained by Immigration Customs and Enforcement ("ICE") in El Paso, Texas, after ICE stopped his vehicle. Doc. 1 ¶ 1; Doc. 7 ¶ 2.

5. Petitioner was issued a Notice to Appear and placed in removal proceedings. Doc. 7 at 2. His Notice to Appear charges him with removability as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or placed other than as designated by the Attorney General. *Id.*

6. ICE eventually transferred Petitioner to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 ¶¶ 6, 43.

## III.
## LEGAL STANDARD

A temporary restraining order "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust Corp v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). The status quo ante is "the last peaceable uncontested status existing between the parties before the dispute developed." *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 798 n. 3 (10th Cir. 2019) (citation omitted).

To obtain a temporary restraining order, a petitioner "must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest weigh in her favor. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A petitioner seeking a temporary restraining order must demonstrate that "*all four* of the equitable factors weigh it [his] favor." *Sierra Club, Inc. v. Bostick*, 539 Fed. App'x 885, 888 (10th Cir. 2013). The likelihood-of-success and irreparable-harm factors are "the most critical" in the analysis. *People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Regarding the irreparable-harm factor, "[w]hen an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1263 (10th Cir. 2016) (citations omitted). The balance-of-equities and public-interest factors "merge" where, like here, the government is the opposing party. *Nken*, 556 U.S. at 435.

4

IV.
DISCUSSION

### A.     Petitioner is Likely to Succeed on the Merits of His Claims

*INA Claim*

The Court finds that it is substantially likely that Petitioner will succeed on his claim that he is currently being detained without a bond hearing in violation of the INA. As Petitioner, notes, this Court, like many others, has found that noncitizens like Petitioner, who entered the United States without inspection many years ago and have remained here since, are subject to the discretionary detention under 8 U.S.C. § 1226 and entitled to a bond hearing. Doc. 7 at 3 (citing, among others, *Velasquez Salazar v. Dedos*, --F. Supp. 3d--, 2025 WL 2676729 (D.N.M. 2025)); *see also Requejo Roman v. Castro*, --F. Supp. 3d--, 2026 WL 125681 (D.N.M. 2026).

*Due Process Claim*

The Court also finds that it is substantially likely that Petitioner will succeed on his claim that his detention without the opportunity for a bond hearing violates his Due Process rights. This Court has previously found that the denial of an entitled-to bond hearing is a violation of the Due Process Clause warranting a shift in the burden to the Government at the hearing. *See Requejo Roman v. Castro*, --F. Supp. 3d at --, 2026 WL 125681, at *8-10.

### B.     Petitioner Will Face Irreparable Harm Without Injunctive Relief

Turning to the second required showing for a temporary restraining order, the Court finds that Petitioner has demonstrated that his detention has caused and will continue to cause irreparable harm. The infringement of a constitutional right is enough to establish irreparable injury. *Free the Nipple-Fort Collins*, 916 F.3d at 805. Having found a substantial likelihood of success on the merits of Petitioner's Due Process claim, Petitioner has established irreparable injury deriving

from the violation of his Due Process rights. "[N]o further showing of irreparable injury" is necessary. *Id.*

    C.    **The Balance of Equities and Public Interest Weigh in Petitioner's Favor**

Finally, Petitioner has demonstrated that the balance of the equities and the public interest weigh in favor of issuing the requested relief. When the government is the party opposing the requested temporary restraining order, the balance of equities and public interest merge. *Nken*, 556 U.S. at 435. As Petitioner notes, the public has an interest in ensuring that constitutional rights are upheld. Doc. 7 at 6 (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Moreover, any burden imposed by requiring Respondents to provide Petitioner with a bond hearing is minimal compared to the constitutional rights at stake.

## V. CONCLUSION

In conclusion, the Court finds that the requirements for issuing a temporary restraining order are met. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for a Temporary Restraining Order is **GRANTED IN PART**;

2. Respondents are **PROHIBITED** from transferring Petitioner outside of the State of New Mexico;

3. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven (7) days of this Order, which is Thursday, February 26, 2026. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. If an individualized bond hearing is not provided by Thursday, February 26, 2026, Respondents must immediately release Petitioner;

4. Petitioner and Respondents are **ORDERED** to submit a joint status report to the Court no later than Thursday, February 26, 2026, confirming whether a bond hearing was held and the result of said hearing; and

5. This Order, for good cause shown, shall remain in effect until the Habeas Petition is resolved. *See* FED. R. CIV. P. 65(b)(2).

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE